"I give and bequeath to my daughter, Ann Britt, 125 acres, whereon she and her husband now live, to she and her husband during each of their lifetime, and no longer, if dying without any lawful heirs begotten of their bodies; and if any lawful heirs, to that and its heirs forever; otherwise, to return to my heirs at law and their heirs forever."
The testator died in 1780. The husband had issue by his wife, which issued died in 1788; the husband died in 1790, leaving his wife, who, in 1804, devised the land to the lessors of the plaintiff.
The preceding facts were admitted in a case agreed, sent to this Court and submitted without argument.
The Court do not perceive any circumstances in the character of this devise which ought to prevent the direct application of the rule inShelley's case, that where the ancestor, by any gift or conveyance, takes an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs in fee or in tail, that always in such cases the heirs are words of limitation and not words of purchase. *Page 206 
In cases like this, where there is no intermediate estate, the remainder is executed in the ancestor, and as both estates are of the same quality, viz., legal, they unite and coalesce.
(267) It is said in Co. Litt., 183, b, 184, that where there is a joint limitation of the freehold to several, followed by a joint limitation of the inheritance in fee simple to them, as an estate to A. and B., or for their lives, or in tail, and afterwards to their heirs, so that both limitations are of the same quality, that is, both joint, the fee rests in them jointly. And so if the limitation of the freehold be to husband and wife jointly, remainder to the heirs of their bodies, it is an estate tail executed in them, as they are capable of issue, to whom such joint inheritance can descend. In this case the limitation of the freehold is joint to Britt and his wife, and is followed by a joint limitation of the inheritance. Upon the death of the husband it survived to the wife, who thus became seized in fee, and consequently had a right to devise the land to the lessor of plaintiff, for whom there must be judgment.
NOTE. — See Ham v. Ham, 21 N.C. 598; Payne v. Sale, 22 N.C. 455.